# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1139

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Danny Lee Warren, also known as | * | |
| Danraye L. Warren, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: August 19, 1999
Filed: August 27, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Danny Lee Warren appeals the sentence imposed by the district court[1] after he pleaded guilty to possessing with intent to distribute 119 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). He argues that the court erroneously concluded it lacked the authority to grant a reduction for acceptance of responsibility under U.S. Sentencing Guidelines Manual § 3E1.1 (1995) because it had imposed an enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (1995).

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Having carefully reviewed the record, we conclude that the district court was aware of its authority to apply both an obstruction-of-justice enhancement and an acceptance-of-responsibility reduction in extraordinary cases. <u>See</u> U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n. 4) (1995). This application note was brought to the court's attention by the addendum to the presentence investigation report and by Warren's argument at sentencing.

We conclude that the district court did not clearly err in denying a reduction for acceptance of responsibility. <u>See</u> <u>United States v. Chatman</u>, 119 F.3d 1335, 1342 (8th Cir.) (standard of review), <u>cert. denied</u>, 118 S. Ct. 434 (1997); <u>United States v. Honken</u>, Nos. 98-1833, 98-1952, 1999 WL 493081, at *7 (8th Cir. July 9, 1999) (in determining whether case is extraordinary, court should consider, inter alia, nature of obstructive conduct, degree of acceptance of responsibility, and whether obstructive conduct was stopped voluntarily or by law enforcement).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.